IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TERRY LAMAR TALLEY,                    *

    Plaintiff,                        *

vs.                                    *

                              CASE NO. 4:23-CV-32 (CDL)

CITY OF LAGRANGE, GEORGIA, *et*      *
*al.*,
                                       *
    Defendants.                       *

_____        *

O R D E R

    Terry Lamar Talley filed this action alleging that several law enforcement officers, including two Georgia Bureau of Investigation employees who were based in Columbus, Georgia, violated his civil rights and caused him to be wrongfully convicted and imprisoned for crimes he did not commit. Defendant City of LaGrange, Georgia filed a motion to dismiss or transfer this action for improper venue.  In the alternative, LaGrange argues that if venue is proper in this District, the Court should transfer this action to the United States District Court for the Northern District of Georgia.

    A "civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).  Based

on the Court's review of the Complaint, the docket, and the parties' briefs, the Court is satisfied that all named Defendants are residents of Georgia and that at least one named Defendant is a resident of Columbus, Georgia, which is in the Middle District of Georgia.  The Court is also satisfied that a substantial part of the events giving rise to Talley's claims occurred in the Middle District.  Accordingly, venue in this district is proper under § 1391(b), and the Court denies LaGrange's motion to dismiss for improper venue (ECF No. 27).

LaGrange argues that even if venue is proper in this District, this action should be transferred to the Newnan Division of the Northern District of Georgia under 28 U.S.C. § 1404(a).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a).  There is no dispute that this action "might have been brought" in the Northern District of Georgia, where LaGrange is situated and where several of the Defendants live.  The next question is whether the Northern District of Georgia is more convenient.

"Courts consider numerous factors in determining whether to transfer a case under § 1404(a)," including:

> (1) the convenience of the witnesses; (2) the location
> of relevant documents and the relative ease of access
> to sources of proof; (3) the convenience of the
> parties; (4) the locus of operative facts; (5) the
> availability of process to compel the attendance of
> unwilling witnesses; (6) the relative means of the
> parties; (7) a forum's familiarity with the governing
> law; (8) the weight accorded a plaintiff's choice of
> forum; and (9) trial efficiency and the interests of
> justice, based on the totality of the circumstances.

*Frey v. Minter*, 829 F. App'x 432, 436 (11th Cir. 2020) (per curiam) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

LaGrange concedes that factors 1, 2, 3, 5, and 7 are neutral under the circumstances of this case.[1]  LaGrange also admits that the relative means of the parties (factor 6) probably favors Talley and thus weighs against transfer. LaGrange asserts that the remaining factors strongly favor transfer.  The Court disagrees.  The Court understands that one locus of operative facts (factor 4) is in the Northern District because most of the investigation took place in LaGrange.  But Talley also alleges that there is a second locus of operative facts—Columbus—which is where some evidence that would have exonerated Talley was destroyed or lost.  The Court thus finds that this factor is neutral.

---

[1] The Court notes that the courthouse in the Columbus Division of the Middle District is only seventy miles from the courthouse in the Newnan Division of the Northern District and that Columbus is only about fifteen miles farther from LaGrange than Newnan, which means that neither forum is substantially more convenient than the other for witnesses or the parties.

Regarding Talley's choice of forum (factor 8), it is true that a plaintiff's choice of forum is entitled to less deference when the plaintiff lives outside the forum than when the plaintiff lives inside the forum. But that does not mean that the plaintiff's choice of forum is entitled to zero deference. Talley, who lives near the Middle District, elected to file this action in the Middle District. This factor (factor 8) weighs slightly against transfer.

The final factor, trial efficiency and the interests of justice (factor 9), does not weigh in favor of transfer. This factor generally considers administrative issues associated with the efficient resolution of the case and whether the plaintiff's selected forum is related to the case. LaGrange does not contend that this case can be more efficiently resolved in the Northern District. Rather, it argues that this factor weighs in favor of transfer because this action does not have a connection to the Middle District. But, as discussed above, Talley alleges that the Middle District is one locus of operative facts, so this action does have a connection to this District. This factor does not weigh in favor of transfer.

In summary, the Court finds that no § 1404(a) factors weigh in favor of transfer, while two factors weigh against transfer. The Court thus declines to disturb Talley's choice of forum and denies LaGrange's motion to transfer (ECF No. 27).

The Court will rule on the remaining pending motions in a separate order once they are all ripe and submitted.

IT IS SO ORDERED, this 1st day of August, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA