IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TERRY LAMAR TALLEY,              *

    Plaintiff,               *

vs.                              *        CASE NO. 4:23-CV-32 (CDL)

CITY OF LAGRANGE, GEORGIA, *et al*.,  *

    Defendants.              *

_____

O R D E R

Presently pending before the Court are several motions that are ripe for review.  For the reasons set forth below, the Court:

1. Denies the motion to dismiss Roy Lee Olinger, Jr. (ECF No. 99);

2. Grants the motion to substitute James G. Baker, in his capacity as Administrator of the Estate of Roy Lee Olinger, Jr., as a party defendant in place of Roy Lee Olinger, Jr. (ECF No. 101);

3. Denies the motion to amend the complaint to add additional facts and claims against Roy Olinger and Benny Blankenship (ECF No. 103);

4. Denies Talley's motion for production of confidential records from nonparty Georgia State Board of Pardons and Paroles prior to the *in camera* review process proposed by the Board (ECF No. 109); and

5. Grants the consent motion for an extension of time for Olinger and Blankenship to file a reply brief in support of their summary judgment motion (ECF No. 122).  The reply brief is due by May 30, 2025, and it shall not exceed 25 pages.

Several motions are not yet ripe, including a summary judgment motion filed by Roy Olinger and Benny Blankenship (ECF No. 100), Talley's motion to strike Benny Blankenship's declaration (ECF No.

117), and Talley's alternative motion for leave to take Benny Blankenship's deposition (ECF No. 118).  The Court will rule on those motions when they are ripe.

DISCUSSION

## I.  Motions Related to Roy Olinger

After Talley filed this action in February 2023, Defendant Roy Olinger died.  Olinger's counsel filed a suggestion of death on May 10, 2024.  Suggestion of Death, ECF No. 74.  According to Talley, the parties learned in July 2024 that no administrator had been appointed for Olinger's estate, that Olinger's widow and some other surviving family members declined to open an estate, and that his widow and some other surviving family members had consented to having the county administrator being appointed to serve as the administrator of Olinger's estate, although that process would take some time.  In July 2024, Talley filed a motion for extension of time to file a motion to substitute a representative of Olinger's estate because no representative had been appointed.  The Court terminated that motion as moot, concluding that Rule 25(a)(1)'s 90-day clock for a motion to substitute did not begin to run until 90 days after the decedent's personal representative is served with a suggestion of death.  Text Order (July 31, 2024), ECF No. 80.  The Court stated that Plaintiff "may file a motion for substitution" after a personal

representative was appointed for Olinger's estate and served with the suggestion of death.  *Id.*

Counsel for Talley diligently worked to have James G. Baker, the county administrator, appointed to serve as administrator of Olinger's estate and to have Baker properly notified of this action.  Due to the death of one of Olinger's surviving family members during the period when Talley was seeking substitution of Baker for Olinger, Baker was not appointed as administrator for Olinger's estate until November 25, 2024.  In January 2025, Baker received service of process in this case and was served with a suggestion of Olinger's death.  Talley's motion to substitute followed less than 90 days later, on March 4, 2025.

Counsel for Olinger contends that Talley failed to file a timely motion to substitute because he did not file a motion to substitute within 90 days after Defendants filed the suggestion of death on May 10, 2024.  Counsel for Olinger contends that based on this failure, Talley's claims against Olinger should be dismissed and Talley's motion to substitute the administrator as a party for Olinger should be denied.

Under Federal Rule of Civil Procedure 25(a)(1), a motion for substitution "may be made by any party or by the decedent's successor or representative."  The motion must be made "within 90 days after service of a statement noting the death."  *Id.*  "A statement noting death must be served" on nonparties "as provided

in Rule 4," as must a motion to substitute.    Fed. R. Civ. P.
25(a)(3).  Counsel for Olinger contends that because no estate was
open when the May 10, 2024 suggestion of death was filed, no
service of the suggestion of death was required and the clock for
a motion to substitute started running on May 10, 2024.

In support of this argument, counsel for Olinger relies
heavily on (and misstates the holding of) *Silas v. Sheriff of
Broward County*, 55 F.4th 872 (11th Cir. 2022).  In *Silas*, a
suggestion of death was filed regarding one of the defendants.
The district court set a deadline for the plaintiff to file a
motion for substitution.  *Id.* at 874.  Before the estate was
opened, the plaintiff filed a motion for substitution, which was
denied without prejudice as premature because there was not yet a
personal representative who could be substituted in the place of
the deceased defendant.  The district court stated that the
plaintiff should renew the motion for substitution after seeking
appointment of a personal representative for the deceased
defendant's estate as permitted by Alabama law.  *Id.*  The
plaintiff, though, did not open an estate for the deceased
defendant, and she did not file a motion to substitute by the
deadline, so the district court dismissed her claims against the
deceased defendant.  *Id.* at 875.  The plaintiff moved to vacate
that ruling, contending that the statement of death was not
properly served on nonparties, including the deceased defendant's

4

surviving family members.  The district court denied that motion, and the Eleventh Circuit affirmed.

The Eleventh Circuit reasoned that although Rule 25 seeks to have the existing parties "promptly identify which—if any—nonparties have the legal authority to step into the decedent's position in the case" and requires notice on those nonparties "to begin the 90-day period provided by Rule 25(a)(1)," Rule 25 does not require notice on nonparties "who lack the legal authority to serve as a substitute party" before the substitution period can begin.  *Id.* at 876-77.  The Rule also does not allow a plaintiff to wait for an estate to be opened before filing a motion to substitute if state law provides a means for her to seek appointment of an administrator and she fails to take any action.  *Id*.  In *Silas,* the deceased defendant's surviving family members failed to apply to administer the estate by Alabama's statutory deadline, so they were deemed to have relinquished the right to administer the estate under Alabama law and were thus not "nonparties" that had to be served with the suggestion of death.  *Id.* at 876.  And, although Alabama law would have permitted the plaintiff to seek appointment of an administrator for the estate—a nonparty who *would* have needed notice under Rule 25—she never did so.  *Id.* at 877.  She also did not seek an extension of the time to file a motion for substitution under Federal Rule of Civil Procedure 6(b), which would have permitted an extension of the

time to file a motion for substitution if the plaintiff established good cause, such as the fact that there was not yet an administrator who could be substituted for the deceased defendant. *Id.*

Here, in contrast, counsel for Olinger did not point to any authority establishing that all Olinger's surviving family members relinquished their right to administer the estate under *Georgia* law by some date certain or that Talley impermissibly delayed seeking appointment of an administrator for Olinger's estate under *Georgia* law. Rather, based on the present record, the Court is satisfied that Talley was reasonably diligent in pursuing appointment of an administrator for Talley's estate. And, unlike the plaintiff in *Silas*, Talley did not miss any Court-ordered deadline for his motion to substitute. Instead, he relied on the Court's ruling that he could file the motion to substitute within 90 days after the administrator was properly served with a suggestion of death. For all these reasons, the Court denies the motion to dismiss Olinger (ECF No. 99) and grants the motion to substitute James G. Baker, in his capacity as Administrator of the Estate of Roy Lee Olinger, Jr., as a party defendant (ECF No. 101).

## II.  Talley's Motion for Leave to Amend (ECF No. 103)

Under the Scheduling Order, the parties agreed that amendments to the pleadings without leave of the Court were due by February 5, 2024 and that any amendments after that date would be

governed by Federal Rule of Civil Procedure 15.  Scheduling Order 7, ECF No. 71.  Rule 15 allows a party to amend its pleading with the court's leave, and the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15 does not require a district court to grant leave to amend if (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments," (2) "allowing amendment would cause undue prejudice to the opposing party" or (3) "amendment would be futile."  *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (footnote omitted) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)).

Here, Talley filed a motion for leave to amend his complaint to add factual allegations that GBI forensic analyst Benny Blankenship destroyed evidence after Talley's convictions, as well as a 42 U.S.C. § 1983 deprivation of access to the courts claim against Blankenship and Olinger based on destruction and suppression of exculpatory evidence during the post-conviction years.[1]  Talley alleged in his initial complaint that Blankenship intentionally destroyed potentially exculpatory evidence following his conviction, but he did not assert a claim against Blankenship for deprivation of access to the courts based on the destruction

---

[1] Talley also sought to allege additional facts and claims against the City of LaGrange, which did not oppose the amendment on the condition that it receive an additional thirty-six days to file a summary judgment motion.  The Court granted the motion for leave to amend as to the City. Text Order (Mar. 11, 2025), ECF No. 108.

of evidence at that time.[2]  Talley also alleged in his initial complaint that Olinger concealed or destroyed evidence that Talley could have used to prove his innocence following his conviction, and that right-of-access claim remains pending.  Despite his factual allegations in the initial complaint against Blankenship regarding the destruction of evidence, Talley did not include Blankenship as a defendant on the right-of-access count.

Talley asserts that in December 2024, he obtained a logbook entry that confirmed his allegation that Blankenship was directly involved in the destruction of evidence.  Talley does not dispute, though, that he alleged facts regarding the destruction of evidence by Blankenship, Olinger, and others in his initial complaint.  He also does not dispute that his counsel circulated a proposed amended complaint in November 2024 setting forth the new proposed claim for suppression of exculpatory evidence in post-conviction years, as well as most of the facts that are in his present proposed amended complaint.  But Talley did not file his motion for leave to amend until two months later—more than a month after discovery closed on January 17, 2025 and more than a week after the two GBI Defendants (Olinger and Blankenship) filed their summary judgment

---

[2] Talley did assert a § 1983 "bad faith destruction of evidence" claim against Blankenship, but the Court dismissed it because the Court construed it as a claim under *Brady v. Maryland*, 373 U.S. 83 (1963) and Talley did not point to any authority clearly establishing by 1981 that post-trial or post-plea destruction of evidence gives rise to a *Brady* claim.

motion.    Talley did not clearly explain the delay or establish that he could not have sought leave to amend sooner with reasonable diligence.    And, if the Court were to allow amendment at this point—after the close of discovery and after the GBI Defendants filed their summary judgment motion—that would delay the case because even if the parties did not seek to reopen discovery to address the new claims, the GBI Defendants would have to be given time to file an additional summary judgment motion based on the new claims.    For all these reasons, the Court denies Talley's motion for leave to amend his complaint to add additional claims against the GBI Defendants.    This ruling does not mean that *evidence* of the GBI Defendants' conduct with regard to the destruction of evidence is irrelevant to the existing claims against the GBI Defendants.

**III. Talley's Motion to Produce Confidential Records (ECF No. 109)**

Talley seeks records from nonparty Georgia State Board of Pardons and Paroles regarding Talley's attempts to secure parole relief.    The Board produced a redacted copy of an August 5, 1988 letter from the Board to the Coweta Judicial District Attorney.    The Board informed Talley that there was also a July 25, 1988 letter from the district attorney to the Board, but the Board refused to produce it.    The Board argues that these letters contain confidential state secrets and are not subject to disclosure under the circumstances of this case.    The Board proposes that the Court

conduct an *in camera* review of the letters to determine whether they must be disclosed to Talley.  Talley contends that the *in camera* review process is unnecessary and that the Board should be ordered to produce the letters, subject to a reasonable protective order.  But Talley did not respond to the Board's assertion that the letters are confidential state secrets under Georgia law or point to an exemption to the confidentiality rule.  The Court therefore finds that it should follow the *in camera* review process proposed by the Board.  Within seven days of the date of this order, the Board shall submit the letters to the Court for *in camera* review.  If counsel for the Board needs guidance on how to submit the letters, counsel should consult with the case administrator in the Clerk's office.

**IV.  The GBI Defendants' Motion for Extension (ECF No. 122)**

Roy Olinger and Benny Blankenship seek an extension of the deadline and page limits for their reply brief in support of their summary judgment motion.  That motion, to which Talley consents, is granted.  The reply brief shall be filed by May 30, 2025, and it shall not exceed twenty-five pages.

CONCLUSION

To summarize, the Court:

1. Denies the motion to dismiss Roy Lee Olinger, Jr. (ECF No. 99);

2. Grants the motion to substitute James G. Baker, in his capacity as Administrator of the Estate of Roy Lee Olinger,

Jr., as a party defendant in place of Roy Lee Olinger, Jr. (ECF No. 101);

3. Denies the motion to amend the complaint to add additional facts and claims against Roy Olinger and Benny Blankenship (ECF No. 103);

4. Denies Talley's motion for production of confidential records from nonparty Georgia State Board of Pardons and Paroles prior to the *in camera* review process proposed by the Board (ECF No. 109); and

5. Grants the consent motion for an extension of time for Olinger and Blankenship to file their reply brief in support of their summary judgment motion (ECF No. 122).  The reply brief is due by May 30, 2025, and it shall not exceed twenty-five pages.

IT IS SO ORDERED, this 18th day of April, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA