```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

TERRENCE LAMAR TALLEY,          *

      Plaintiff,                *

vs.                             *
                                    CASE NO. 4:23-cv-32 (CDL)
CITY OF LAGRANGE, GEORGIA, et   *
al.,
                                *
      Defendants.
                                *
```

O R D E R

Presently pending before the Court is Terrence Lamar Talley's motion to strike the declaration of Benny Blankenship and Talley's alternative motion for leave to take Blankenship's deposition. For the reasons set forth below, the Court grants in part and denies in part the motion to strike (ECF No. 117) and denies the motion for leave to take Blankenship's deposition (ECF No. 118).

DISCUSSION

Benny Blankenship was a forensic analyst for the Georgia Bureau of Investigation.  In 1981, he participated in the investigation of several rapes in LaGrange, Georgia by examining several pieces of evidence.  Talley was convicted of rape in two cases and pleaded guilty to other charges.  Many years later, Talley was exonerated based in part on the rape kit for one of the victims.  Talley contends that Blankenship was directly involved in the destruction of the other victim's rape kit without notifying

him or his lawyer. Talley also asserts that Blankenship violated prevailing law enforcement and crime lab standards when he failed to create any reports, notes, or records regarding his examination of critical crime scene evidence, including gloves that were linked to another suspect and bedding and clothing of two rape victims. Talley asserts that these failures resulted in the concealment of significant exculpatory evidence from Talley and his lawyer and later adversely affected his exoneration efforts. Talley's claim against Blankenship is a conspiracy claim under 42 U.S.C. § 1983. According to Talley, Blankenship conspired with Georgia Bureau of Investigations special agent Ray Olinger and others to keep exculpatory evidence from Talley and his lawyer.

In his sworn interrogatory responses, Blankenship stated, "given the age of this case, [Blankenship] cannot recall the investigation of the crimes at issue in this lawsuit and [he relies] on what is provided in the investigative case file." Pl.'s Mot. to Strike Ex. 2, Defs.' Interrogatory Resps. 1 (Apr. 29, 2024), ECF No. 117-3. He further stated that he could not "recall what tasks [he] undertook" and relied "on what is described in the GBI case file." *Id.* at 2 (Resp. to Interrog. 4). He repeated in other responses that he "cannot recall and [does] not have knowledge of the evidence collected in the underlying criminal investigation outside of what is described in the GBI case file" and did "not recall being involved in collecting or processing

2

evidence after Plaintiff was convicted." *Id.* at 4 (Resp. to Interrog. 6); *Id.* at 7 (Resp. to Interrog. 15). He also stated that he did "not recall the events giving rise to this lawsuit" and relied solely on the GBI case file in responding to Talley's discovery requests. *Id.* at 7 (Resp. to Interrog. 16). Blankenship averred that as a forensic analyst in the crime lab, he was "not involved in the underlying investigation," *id.* at 2 (Resp. to Interrog. 4), although he does admit that he received and tested evidence as part of the investigation. In his responses to Talley's requests for admission, Blankenship stated that "he was a forensic analysist at the crime lab and was not involved in the investigation of suspects . . . did not prepare the GBI case file, and was not involved in providing it or the information contained therein to the prosecutor before the criminal trial." *Id.* at 9 (Resp. to Reqs. for Admis. 6, 9-13, 16-17). He also stated that he could not recall his "involvement in the events giving rise to this lawsuit outside of what is provided in the GBI case file," which "does not provide any information about destruction of evidence." *Id.* at 9 (Resp. to Reqs. For Admis. 7-8).

Based on these sworn discovery responses, Talley's counsel believed that Blankenship had no independent recollection of his conduct during the 1981 investigation of the LaGrange rapes. After he received the responses, Talley's counsel spoke with Blankenship's counsel and learned that Blankenship was 81 years

3

old, that he had a recent episode of confusion in the grocery store, and that Blankenship's wife believed that his memory and health were deteriorating. For these reasons, Talley's counsel concluded that Blankenship had no memory of the events giving rise to this action and that he would have no information to share at a deposition. Accordingly, Talley's counsel decided not to depose Blankenship during discovery.

Ten months after his discovery responses denying any memory of the specifics of this case, Blankenship provided a declaration in support of his summary judgment motion. In that declaration, he provided basic information about his job as a GBI forensic analyst. Blankenship Decl. ¶¶ 2-7, ECF No. 100-6. He also stated, as he did in his discovery responses, that he was not involved in preparing the GBI investigative file, that he did not know what was in the file, that he did not know anything about the suspects or witness statements, that he did not know what evidence the GBI provided to the prosecutor or Talley's attorney. *Id.* ¶¶ 8-10. He also asserted the legal conclusion that he did not agree with anyone else to violate Talley's rights. *Id.* ¶ 11. Blankenship further stated that he did not destroy any evidence except in accordance with the GBI's retention policies and the law. *Id.* ¶ 12. Finally, Blankenship stated that he was not involved in any response to post-conviction records requests. *Id.* ¶¶ 14-15.

Talley contends that the Court should not consider Blankenship's declaration in deciding Blankenship's summary judgment motion. Although the summary judgment motion is not yet ripe, the Court finds it appropriate to decide this issue now. The Court may, in its discretion, disregard a portions of a declaration that "flatly contradicts" the witness's prior sworn testimony without any explanation of the discrepancy. *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016). Here, paragraph 1 of the declaration is simply Blankenship's name and statement that he has personal knowledge of the facts in the declaration. It does not conflict with his prior sworn discovery responses and is not excluded. Paragraphs 2-7 of the declaration contain background information about Blankenship's job as a forensic analyst with the GBI. These paragraphs do not conflict with his prior sworn discovery responses and are not excluded. Paragraphs 8-10 of the declaration mirror his sworn discovery responses that Blankenship did not know what was in the GBI investigative file for the LaGrange rapes, did not know of the suspects that were considered by the investigators, and did not know what evidence was provided to the prosecutor or Talley's attorney. These paragraphs do not conflict with Blankenship's prior sworn discovery responses and are not excluded. Plaintiff does not challenge paragraph 13, which summarizes Blankenship's trial testimony; that paragraph is not excluded. Paragraphs 14

5

and 15, regarding post-conviction records requests, do not conflict with Blankenship's prior sworn discovery responses and are not excluded.

The remaining paragraphs are 11 and 12. Paragraph 11 asserts the legal conclusion that Blankenship did not agree with anyone else to violate Talley's rights. The Court is not required to treat this legal conclusion as a fact. Instead, it must determine whether there is enough evidence for a jury to find that Blankenship conspired with others to conceal exculpatory evidence from Talley. Paragraph 12 states that Blankenship did not destroy any evidence except in accordance with the GBI's retention policies and the law. This statement clearly conflicts with Blankenship's prior sworn discovery responses. In his sworn discovery responses, Blankenship admitted that he had no memory of his conduct with regard to the destruction of evidence because he stated that (1) he could not remember any specifics of the investigation or what he did during the investigation "outside of what is provided in the GBI case file" and (2) the GBI case file "does not provide any information about destruction of evidence." Defs.' Interrogatory Resps. 9 (Resp. to Reqs. For Admis. 7-8. Blankenship offered no explanation for this discrepancy. The Court thus excludes Blankenship's inconsistent statement in paragraph 12 of his declaration that any destruction of evidence was in accordance with GBI's retention policies and the law.

6

In summary, the Court grants the motion to strike paragraphs 11 and 12 of Blankenship's declaration, and the Court will not consider those paragraphs when it decides the pending summary judgment motion. The motion to strike is otherwise denied. In light of this ruling, the Court denies Talley's alternative motion for leave to depose Blankenship. But, if Defendants' counsel intends to offer Blankenship as a witness at a future trial of this matter, Talley's counsel shall be permitted to take his deposition before trial.

IT IS SO ORDERED, this 5th day of May, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA